# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-2088V

|  |  |
|---|---|
| SANDRA WOOD, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: February 7, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 27, 2021, Sandra Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome (the Miller-Fisher variant), a defined Table injury, causally related to an adverse reaction to the influenza and tetanus, diphtheria, acellular pertussis vaccines she received on October 28, 2020. Petition, ECF No. 1. On June 7, 2023 (less than two years after the claim's initiation), I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $94,428.95 (representing $92,191.80 in fees plus $2,237.15 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Aug. 4, 2023, ECF No. 40. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 40-4. Respondent did not file a response to Petitioner's Motion thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

The hourly rates requested for the attorneys and paralegals who performed work in this matter are consistent with prior determinations, and will therefore be awarded herein.

However, the magnitude of the fees sought in this matter is facially high, especially compared to SPU cases generally. Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable*. The specific circumstances of this case, and the severe nature of the injury at issue, may explain why the fees requested are larger than usual. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid. But it remains the case that the sum requested seems excessive for a matter that was resolved within two years, and without a trial.

*A. Excessive Billing*

A significant factor contributing to the high cost of fees in this case appears to be excessive or redundant billing. Special masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied,* 129 Fed. Cl. 691 (2016).

The billing records establish that thirteen paralegals worked on the matter, billing a total of 143.70 hours to this case. *See* ECF No. 40-2 at 36. The majority of this work consisted of researching the processing procedures to request various medical records; drafting requests for medical records; multiple paralegals communicating with the same medical facilities; and multiple paralegals analyzing the same medical records, suggesting some degree of unnecessary overlap/inefficiency compounding the excessive billing associated with these tasks.

The following are non-exhaustive examples of excessive billing by paralegals in this matter. For example, Lindsay Walkinson billed 0.80 hours to review correspondence from medical facilities regarding the disbursement of requested records. *See* ECF NO. 40-2 at 3. Kimberly Dutra billed 1.10 hours to review inter-office notes regarding the

3

progress of or issues with medical records requests. *Id.* at 3-6. Ms. Dutra billed 0.30 hours to analyze medical records from Bayfront Health St. Petersburg and her colleague Lindsay Walkinson also billed 0.50 hours to review the same medical records. *Id.* at 5. In addition, Ms. Walkinson billed 2.40 hours for drafting correspondence to, reviewing records from, and engaging in conferences with Bayfront Health St. Petersburg while two other paralegals billed for similar tasks associated with the same facility (Amy Semanie 1.30 hours and Chelsea Harris 1.00 hour). ECF No. 40-2 at 2-23.  Ms. Walkinson also billed 4.10 hours for drafting correspondence to, reviewing records from, and engaging in conferences with St. Anthony's Neurology Group while other paralegals billed for similar tasks associated with the same facility (Amy Samanie 3.60 hours; Chelsea Harris 5.20 hours; Mackenzie Riordan 1.60; and Tara Thorn 0.90 hours). *Id.* 2-33.

Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209. For the reasons heretofore mentioned, I find it necessary to reduce the total amount billed by paralegals (a total of 143.70 hours, or $23,977.00)[3] by *fifteen percent*. This results in a reduction in the amount of attorneys' fees to be awarded of **$3,596.55**.[4]

### B.  Paralegal Tasks Billed at Attorney Rates

There are several instances evident from the billing invoices in which tasks that are considered paralegal in nature were billed at the attorney's hourly rate in this matter. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[3] This amount consists of: ($155 x 8.8 hrs = $1,364.00) + ($160 x 35.30 hrs = $5,648.00) + ($165 x 45 hrs = $7,425.00) + ($170 x 28.80 hrs = $4,896.00) + ($180 x 25.80 hrs = $4,644.00) = $23,977.00

[4] This amount is calculated as: ($23,977.00 x .30) = $3,596.55

Review of the billing records demonstrate that attorney Alison Haskins billed 3.40 hours on tasks considered paralegal in nature.[5] See ECF No. 40-2. Although these billing entries are reimbursable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce Ms. Haskins hourly rate for all tasks considered paralegal in nature to a rate of $160 per hour.** This further reduces the fees to be awarded herein by **$992.80**.[6]

## ATTORNEY COSTS

Petitioner requests $2,237.15 in overall costs. ECF No. 40-3. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $105.37 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[7] *Id.* at 2-3. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow such costs reducing the total amount of litigation costs to be awarded by **$105.37.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$89,734.23 (representing $87,602.45 in fees plus $2,131.78 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio, Christopher and Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix

---

[5] Examples of such billing entries are as follows: 3.40 hours billed by attorney Alison Haskins on 9/24/21; 10/18/21; 10/25/21; 11/8/21 (three entries); 12/9/21; 12/27/21; 2/14/22; 10/3/22; 10/4/22; 10/14/22; 4/6/23; 6/26/23. *Id.*

[6] This amount consists of: ($440 - $160 = $280 x 2 hrs = $560) + ($460 - $160 = $300 x 1 hrs. = $300) + ($492 - $160 = $332 x 0.40 hrs = $132.80) = $992.80

[7] Examples of the unsubstantiated costs: 7/6/21; 9/2/21; 11/3/21; 6/20/23; 6/30/23. See ECF No. 40-3 at 2-3.

B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.